**Guy Harold PYEATT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42986.**

Court of Criminal Appeals of Texas.

July 15, 1970.

No attorney on appeal, for appellant.

Roddy L. Harrison, Dist. Atty., Pecos, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is robbery by assault; the punishment, 5 years.

The record on appeal filed in this court on March 17, 1970, is not accompanied by a brief for appellant filed in the trial court pursuant to Art. 40.09, Vernon's Ann.C.C.P.

The state's brief, filed in the trial court February 27, 1970, seeks affirmance of the conviction upon authority of Pruitt v. State, Tex.Cr.App., 448 S.W.2d 126, pointing out that appellant was represented by retained counsel; has made bond pending this appeal; his time for filing brief has long since expired and his counsel has failed to prepare and file brief, or to request an extension of time in which to do so.

The record reflects the following:

Trial was before a jury. Docket entries reflect that the verdict was returned February 11, 1969, and that sentence was pronounced and notice of appeal was given on April 10, 1969.

Notice of completion of the record was given May 20, 1969. The record was approved by the trial judge on March 13, 1969 (a date prior to sentence and notice of appeal).

The judgment and sentence which appear in the record so approved were filed April 29, 1969. The sentence which reflects notice of appeal bears no date, but orders that it "commence on the 10th day of April, 1969 * * *."

The transcript of the court reporter's notes is followed by certificate of the court reporter dated December 16, 1969, and the undated certificate of the trial judge: "Examined, found correct and ordered filed as the original transcript in this cause." The file mark of the District Clerk reflects that such transcript and certificates were filed March 13, 1970, (four days prior to the filing of the record on appeal in this court and fourteen days after the state's brief was filed in the trial court).

The thirty days allowed for filing defendant's brief does not begin to run until after the approval of the record by the trial court. (Art. 40.09, Sec. 9, V.A.C.C.P.)

The record on appeal appears to have been forwarded to this court prematurely. (Art. 40.09, Secs. 12 and 13, V.A.C.C.P.)

The appeal is abated to allow further proceeding in the trial court pursuant to Art. 40.09, supra, as though the appellate record had not been filed in this court.