Joe Pat **ANDERS, Appellant,**

v.

The **STATE of Texas, Appellee.**

No. 44603.

Court of Criminal Appeals of Texas.

Oct. 13, 1971.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for burglary. The punishment assessed was twelve years; a prior conviction for the offense of burglary having been alleged and proved for enhancement purposes under the provision of Art. 62, Vernon's Ann. P.C.

An earlier conviction for the same offense was reversed and remanded because there was insufficient evidence to sustain the conviction. See Anders v. State, Tex. Cr.App., 445 S.W.2d 167.

This appeal must be abated.

The appellant was represented by privately retained counsel of his choice in the trial of this case on a plea of not guilty before a jury.

A record is before us without a transcription of the testimony and without briefs of the appellant filed in this court or in the trial court.

The appellant has shown his desire to appeal this case by giving notice of appeal.

The record also shows that an order filed on February 15, 1971, dated February 5, 1971, extended the time to "perfect the record in this cause and prepare a statement of facts to be included in this record". The order granted the appellant an extension of sixty days from February 8, 1971, in which to "file the statement of facts, bills of exception and record in this cause".

An order dated April 9, 1971, and filed April 12, 1971, permitted the retained counsel of record to withdraw from his representation of the appellant in this cause. The motion upon which the order was based alleges that the attorney representing appellant was not employed to represent appellant on the appeal of the case, and that "there has been no financial arrangements worked out between the attorney and the defendant in this case and that the attorney has not been paid anything to handle the appeal of this case."

The record before us contains a bill of costs showing a cost of $500.00 assessed for the preparation of a "statement of facts".

The motion of trial counsel for permission to withdraw his representation because appellant had not made arrangements to pay his fee on appeal and the bill of costs showing a charge assessed for the preparation of the statement of facts give a strong indication that the appellant may now be indigent.

There is nothing in the record to show that the appellant had or even now has knowledge that the trial court permitted his counsel to withdraw from further representation on appeal and that a transcript of the testimony was not filed.

As was said in Steel v. State, Tex.Cr. App., 453 S.W.2d 486:

"When private counsel is engaged, no duty devolves upon the court to appoint counsel in criminal prosecution. However, retained counsel, even one who has not been fully compensated for past services or compensated for further service, cannot wait until a critical stage of the proceedings is reached and bow out without notice to * * * the accused and 'frustrate forever accused's right to protect his vital interests.' Atilus v. United States (5 Cir.) 406 F.2d 694."

It would appear proper to abate this appeal so that the trial court can determine if appellant has knowledge that his counsel had been permitted to withdraw as counsel on appeal; if appellant is now indigent; if the failure to file the transcript of the testimony and briefs was with the knowledge and consent of the appellant. If necessary, the trial court should take steps to provide effective aid of counsel on appeal. Trial courts should, if they deem it proper to relieve retained counsel of record, see that appellants have knowl-

edge of the same and provide effective assistance of counsel by appointed counsel if the appellant is indigent.

This court does not like to abate appeals. However, by abating this appeal we may avoid a collateral attack upon the final judgment which would almost of a certainty follow. Then the memory of witnesses will be dim and the record may be misplaced or lost. Steel v. State, supra. See also Pyeatt v. State, Tex.Cr. App., 456 S.W.2d 392.

For the reasons stated, the appeal is abated.

Opinion Approved by the Court.

DOUGLAS, J., not participating.