Harry **RILEY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 05-84-00088-CR.

Court of Appeals of Texas, Dallas.

Aug. 8, 1984.

Patrick A. Robertson, Dallas, for appellant.

F. Duncan Thomas, Dist. Atty., Greenville, for appellee.

Before GUITTARD, C.J., and ALLEN and ROWE, JJ.

GUITTARD, Chief Justice.

Counsel for appellant has filed a motion for leave to withdraw, contending that appellant has failed to pay the attorney's fee. We deny this motion without prejudice to the filing of a proper motion in compliance with Disciplinary Rule 2–110 of the Code of Professional Responsibility.

The brief in this cause was due June 18, 1984. On June 15, 1984, Mr. Pat Robertson, counsel for appellant, filed this motion to withdraw. The sole reason assigned for this motion is that appellant "has failed to pay his legal fees involved in this appeal." This unsworn motion is not supported by affidavits or other satisfactory evidence. In this motion counsel also applied for an extension of time until July 16, 1984, so that appellant might retain new counsel. We granted the extension, but no brief has been filed and there has been no further communication from either appellant or counsel.

■ There is no specific statutory provision governing withdrawal of counsel in criminal cases. Therefore, as provided by TEX.R.CRIM.APP.P. 211, we may look to the rules of civil procedure for guidance. TEX.R.CIV.P. 402a provides that counsel may be permitted to withdraw upon such terms and conditions as may be deemed appropriate by the court of appeals.

■ In order to determine appropriate terms and conditions for permitting retained counsel to withdraw for failure of the client to pay his fee, we look to the Code of Professional Responsibility governing obligations of Texas attorneys. The Code permits counsel to apply for leave to withdraw if the client deliberately disregards an agreement or obligation as to expenses or fees. SUPREME COURT OF TEXAS, RULES GOVERNING THE STATE BAR OF TEXAS art. XII, § 8 (Code of Professional Responsibility) DR 2–110(C)(1)(f) (1973). We conclude that this provision adequately protects an appellant

represented by retained counsel. Counsel may be allowed to withdraw upon proof that the client deliberately disregarded a fee arrangement, but not upon a showing that the client was merely delinquent in satisfying his obligations to counsel. Further, DR 2–110(C) speaks of requesting permission to withdraw in a pending matter; in a proper case, we may deny permission to withdraw and direct counsel to file a brief. TEX.R.CRIM.APP.P. 202(c). Accordingly, we hold that a motion to withdraw as appellate counsel must be drafted in strict accordance with DR 2–110(C). To require less would unduly prejudice an appellant at this late and critical stage of the proceedings.

The motion before us contains only the bare allegation that appellant has not paid the fees due to counsel. Although this motion obviously depends upon facts not apparent of record, it is not supported by affidavits or other satisfactory evidence. *See* TEX.R.CIV.P. 406. The motion does not detail the fee arrangement or provide any evidence showing that appellant deliberately disregarded this agreement.

We are reluctant to grant permission for attorney to withdraw when briefs have become due. Withdrawal at this stage delays the appellate process and may prejudice the client's interests at a critical time. In any event, we cannot grant a motion to withdraw without sufficient facts to enable us to determine whether withdrawal would be appropriate.

Accordingly, the motion to withdraw is denied without prejudice to the filing of a proper motion showing grounds for withdrawal under DR 2–110(C). Pursuant to DR 2–110(A)(2), counsel should also show that he has notified the appellant of his action and that he has delivered to appellant all papers and property to which he is entitled. If no motion is filed, the brief of counsel shall be due on or before August 17, 1984.

It is so ordered.