Thomas Allen ROBERTS, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–85–00781–CR.

Court of Appeals of Texas,
Dallas.

Feb. 10, 1986.

Lawrence M. Davis, Dallas, for appellant.

H. Ownby, Crim. Dist. Atty., McKinney, for appellee.

Before GUILLOT, MALONEY[1] and HOWELL, JJ.

**1.** Justice Maloney concurred in the result reached prior to his resignation from the Court.

GUILLOT, Justice.

Thomas Allen Roberts appeals from the order of the trial court which revoked his probation. On September 7, 1982, appellant entered a plea of guilty to an indictment charging theft over $200. He was represented at the plea by Lawrence M. Davis, who was apparently retained by appellant. The trial court found appellant guilty as charged in the indictment and assessed punishment at confinement in the Texas Department of Corrections for two years, probated for two years. On June 14, 1984, the State filed a motion to revoke appellant's probation. Again, on the motion to revoke, appellant was represented by the same retained attorney, Lawrence M. Davis. On October 26, 1984, the trial court revoked appellant's probation and on November 20, 1984, entered a written order to that effect and extended appellant's sentence an additional three years.

On November 9, 1984, appellant's attorney filed a written notice of appeal with the clerk of the trial court. Contained in the record is a letter dated May 16, 1985, from appellant's attorney to appellant stating the following:

> Please be advised the above referenced Appeal is still pending and you need to decide immediately whether to continue this action or have it dismissed. Upon receipt of this letter, please contact me so we can discuss your case.
>
> As I have previously stated to you, you have not retained me to represent you on this appeal, nor paid me to do so.
>
> If by May 31, 1985, you have not made arrangements to retain me to represent you, I intend to file a Motion to Withdraw as your attorney.
>
> Very truly yours,
> Lawrence M. Davis

On June 7, 1985, appellant's attorney filed a motion to withdraw in the trial court which, in pertinent part, stated the following:

### I.

Client, THOMAS A. ROBERTS, breached a portion of his Employment Contract with his attorney wherein he promised to pay a fee for said attorney's representation in the Motion to Revoke Probation Hearing.

### II.

Client, THOMAS A. ROBERTS, has failed to replead, or to make arrangements with his attorney to represent him in this cause; and has failed to pay attorney for such services.

WHEREFORE, Lawrence M. Davis prays that the Court allow him to withdraw as attorney of record for THOMAS A. ROBERTS, and in all things in connection with this cause of action be dismissed as said attorney of record.

On June 20, 1985, the clerk of the trial court sent a letter to appellant notifying him of a hearing set for July 5, 1985, on the motion to withdraw.

There is no showing in the record as to whether appellant received the letter from his attorney or received notice of the hearing. Further, there is no showing in the record that a hearing on the motion to withdraw was held or, if held, what was the outcome of that hearing. An order allowing appellant's attorney to withdraw appears in the record, but it is not signed by the trial judge. On July 11, 1985, the trial court approved the record. On the same day, the trial court clerk sent a letter to appellant's attorney notifying him of approval of the record.

By giving notice of appeal, an appellant's attorney becomes the attorney of record on appeal. *Shead v. State*, 697 S.W.2d 784, 785 n. 2 (Tex.App.—Dallas 1985, no pet.); *Robinson v. State*, 661 S.W.2d 279, 283 (Tex.App.—Corpus Christi 1983, no pet.). If counsel does not intend to represent an appellant throughout the appellate process in the court of appeals, he should not accept the case and give notice of appeal. *Robinson*, 661 S.W.2d at 283. Retained counsel, even one who has not been fully compensated for past services or compensated for future service, cannot wait until a critical stage of the pro-

ceedings on appeal and attempt to withdraw. *Id.*

■ In the event that counsel does desire to withdraw from a case on appeal, counsel must first give an appellant notice of his intent to withdraw and then, after such notice, if the appellate record has not been filed with the appellate court, the attorney must receive permission of the trial court to withdraw. Once the appellate record is filed in the appellate court, the motion to withdraw must be filed in the appellate court. *See, Duncan v. Evans,* 653 S.W.2d 38, 39 (Tex.Crim.App.1983); *see generally, Riley v. State,* 676 S.W.2d 178 (Tex.App.—Dallas 1984, no pet.). Here, the motion to withdraw was properly filed with the trial court because the record had not been filed in the appellate court, but there is neither a showing that appellant received notice of his retained counsel's intent to withdraw nor a showing that the trial court allowed the withdrawal.

The record, consisting solely of the clerk's transcript, was filed in this court on July 15, 1985. On August 26, 1985, the clerk of this court sent a letter notifying Mr. Davis that appellant's brief was overdue and that the brief would not be accepted for filing unless submitted to the court within seven days of the notification, together with an extension motion for filing the brief. There has been no response from Mr. Davis and neither appellant's brief nor an extension motion has been filed.

■ The United States Supreme Court has held that there is a constitutional guarantee of effective assistance of counsel on appeal in every criminal prosecution, whether counsel is appointed or retained. *Evitts v. Lucey,* —— U.S. ——, 105 S.Ct. 830, 836, 83 L.Ed.2d 821 (1985). Where counsel on appeal is court-appointed, counsel must act as an advocate and must file a brief on the appellant's behalf. *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Ex parte Senna,* 606 S.W.2d 329, 330 (Tex.Crim.App.1980) (*en banc*). If no brief is filed, the appeal is abated and jurisdiction returned to the trial

court to insure that the indigent appellant receives effective assistance of counsel on appeal. *Duncan v. Evans,* 653 S.W.2d at 40; *Talley v. State,* 593 S.W.2d 702, 704 (Tex.Crim.App.1980); *Morgan v. State,* 646 S.W.2d 603, 604 (Tex.App.—San Antonio 1983, no pet.).

■ Because we believe *Evitts* mandates that the constitutional guarantee of effective assistance of counsel on appeal is applicable to both the indigent and non-indigent appellant, we see no reason why less should be required of retained counsel on appeal than of appointed counsel. Accordingly, we hold that retained counsel on appeal must file an appellate brief. *See, Steel v. State,* 453 S.W.2d 486 (Tex.Crim. App.1970); *Morgan v. State,* 646 S.W.2d at 605.

When appellate counsel fails to file a brief on appellant's behalf, the remedy is to abate the appeal to the trial court. *Duncan v. Evans,* 653 S.W.2d at 40; *Steel v. State,* 453 S.W.2d at 488. Once abated, the trial court can determine whether the appellant received effective assistance of counsel on appeal. If it finds that appellant did not receive effective assistance of counsel, the trial court may utilize the options delineated in *Guillory v. State,* 557 S.W.2d 118 (Tex.Crim.App.1977), to insure protection of this right.

■ We hold that it is necessary to abate this appeal so that the trial court may determine if the failure to file an appellate brief was with the knowledge and consent of appellant. If it was, the appeal should then be returned to this court together with a supplemental record containing the trial court's findings and a transcription of the court reporter's notes of such hearing. *See, Simmons v. State,* 511 S.W.2d 308, 310 (Tex.Crim.App.1974); *Anders v. State,* 471 S.W.2d 584, 585–86 (Tex.Crim.App. 1971); *Steel,* 453 S.W.2d at 488. If the failure to file an appellate brief was not with appellant's knowledge and consent, the trial court should first determine the effect of counsel's attempt to withdraw. The trial court should then, if appellant still

desires to pursue his appeal, take whatever steps it deems necessary to insure that appellant receives effective assistance of counsel on appeal. *See, Guillory*, 557 S.W.2d at 121. Accordingly, this appeal is abated and jurisdiction of the appeal is returned to the trial court with instructions as set forth in this opinion.