### Osborn SAMPSON

v.

### The STATE of Texas.

Nos. 05–92–01455 to 05–92–01457.

Court of Appeals of Texas, Dallas.

Nov. 30, 1992.

Ross Teter, John Tatum, Dallas, for appellant.

John Tatum, Dallas, for appellee.

Before ENOCH, C.J., and MALONEY and CHAPMAN, JJ.

## OPINION

ENOCH, Chief Justice.

The Court has before it motions to substitute Ross Teter as attorney of record on appeal. Because the requested substitutions require resolution of factual issues, we will order the trial court to conduct a hearing and to make written findings and recommendations.

## PROCEDURAL HISTORY

The record before us indicates that appointed trial counsel Mike Morrow represented appellant, Osborn Sampson, through entry of the judgments. Sampson filed a pro se notice of appeal. Subsequently, Teter filed form documents titled, "Defendant's Notice of Appeal, Proof of Indigency Designation of Record and Request for appointment of counsel." The forms filed by Teter contain the following paragraph:

APPOINTMENT OF COUNSEL OF CHOICE. Defendant moves for the Court to appoint the hereinafter named counsel of Defendant's choice on the appeal of this cause and such counsel consents to the appointment and is prepared to represent Defendant without unreasonable delay. *See Caplin & Drysdale v. U.S.*, [491 U.S. 635], 109 S.Ct. 2667 [105 L.Ed.2d 528] (1989) in support of Defendant's right to be represented by consenting counsel of his choice at public expense.

_X_ ROSS TETER, Attorney at Law, 110 S. Market St. Dallas Tx. 75202.

One day after Teter filed the form "notice of appeals," the trial court signed an order appointing attorney John Tatum to represent Sampson. The docketing certificates filed with this Court by the trial court reflect that the trial court appointed attorney John Tatum to represent Sampson in these appeals. Consequently, this Court's records have never shown Teter to be Sampson's counsel of record. Nonetheless, in each appeal, Teter filed five motions to extend the time for filing the appellate record.

Teter has now filed form motions to substitute counsel alleging that he should be substituted for Tatum as Sampson's appellate attorney. We refer to Teter's motions to substitute as "form" motions because they are identical, except for the appellant's name and the appeal number, to the numerous other motions to substitute recently filed by Teter. The motions to substitute allege that Sampson's notice of appeal was filed by Teter, that Teter and appellant "had an attorney-client agreement which provided that Ross Teter would serve as Appellant's counsel on appeal" and that appellant never requested the trial court to appoint counsel for him. A form affidavit is attached to each of the motions to substitute. The affidavit, signed by Sampson, alleges that Sampson wants Teter to represent him and objects to Teter's "removal" from the appeal. The affidavit concludes by "authorizing" Teter to take any of the following actions: "(1) Contest the appointment of any other attorney who is appointed to represent me ...; (2) File a complaint with the State Commission on Judicial Conduct against any Judge who violates my right to be represented by counsel of my choice; (3) File a grievance complaint against any attorney who attempts to represent me without my consent or the agreement of Ross Teter; (4) File a civil rights action against any person acting under color of authority of the State of Texas who violates my right to counsel; and (5) File a malpractice action against any attorney who attempts to represent me without my written consent or the agreement of Ross Teter." The affidavits signed by other appellants and filed with other Teter motions to substitute are identical, except for the signature line, to Sampson's affidavits.

We must determine whether, based on the record before us, Teter's asserted right to represent Sampson preempts Tatum's court-appointment to represent Sampson. This issue raises questions concerning: the validity of Tatum's appointment; whether Teter is, as alleged by Sampson, Sampson's "appointed counsel of choice at public expense"; and whether Sampson can discharge court-appointed counsel in this situation. We will discuss the applicable law and list the specific findings and recommendations that the trial court must make. These guidelines should expedite this and hundreds of other appeals in similar procedural postures.

### PROPER PROCEDURE TO APPOINT COUNSEL

■ ■ Article 26.04 of the code of criminal procedure governs the trial court's appointment of counsel. It states:

> Whenever the court determines that a defendant charged with a felony or a misdemeanor punishable by imprisonment *is indigent* or that the interests of justice require representation of a defendant in a criminal proceeding, the court shall appoint one or more practicing attorneys to defend him. An attorney appointed under this subsection shall represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is relieved of his duties by the court or replaced by other counsel.

TEX.CODE CRIM.PROC.ANN. art. 26.04 (Vernon 1989) (emphasis added). There is no duty imposed on the trial court to appoint counsel until the defendant shows that he is indigent. *Gray v. Robinson*, 744 S.W.2d 604, 606 (Tex.Crim.App.1988); *Switzer v. State*, 809 S.W.2d 781, 782 (Tex.App.— Houston [14th Dist.] 1991, no pet.). In order to make its determination of indigency, the trial court is authorized under Articles 26.04 and 40.09 [1] of the code of criminal procedure to conduct an evidentiary hearing. *Gray*, 744 S.W.2d at 606. From

the statutes governing the appointment of counsel to indigents emanates a body of caselaw reinforcing the requirements of when and how counsel shall be appointed. *Id.* These requirements are evidence of the importance placed on notice and formal appointment. *Id.*

### NO RIGHT TO APPOINTED COUNSEL OF CHOICE

■ In Texas, a defendant has no right to appointed counsel of choice. *See Buntion v. Harmon*, 827 S.W.2d 945, 949 (Tex.Crim.App.1992); *Malcom v. State*, 628 S.W.2d 790, 791 (Tex.Crim.App. [Panel Op.] 1982); *Lyles v. State*, 582 S.W.2d 138, 141 (Tex.Crim.App. [Panel Op.] 1979). The trial court is under no duty to search for a counsel until an attorney is found who is agreeable to the accused. *See Stearnes v. Clinton*, 780 S.W.2d 216, 221 (Tex.Crim.App.1989). Teter's assertion to the contrary is erroneous. Teter cites the dissent of a Supreme Court decision. *See Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 618–31, 109 S.Ct. 2646, 2649–56, 105 L.Ed.2d 528 (1989). Neither the dissenting nor the majority opinion of that case is applicable to the facts in this case.

### COMPENSATION OF COUNSEL APPOINTED TO DEFEND

■ Counsel *appointed* to represent a defendant in a criminal proceeding "shall be paid a reasonable attorney's fee for performing the following services...." TEX.CODE CRIM.PROC.ANN. art. 26.05 (Vernon 1989) (emphasis added). Counsel is to be appointed only when indigency is shown and it follows that prior to such a showing counsel is not to be appointed or compensated by the State. *Gray*, 744 S.W.2d at 607. Where non-appointed counsel is already representing a client, fee arrangements are a private matter between client and counsel. *Id.* The trial court has no authority to order payment of attorney fees accumulated prior to formal appointment. *Gray*, 744 S.W.2d at 607.

---

**1.** Article 40.09 of the code of criminal procedure was repealed effective September 1, 1986 by the rules of appellate procedure. The trial court is authorized to conduct an evidentiary hearing on appellant's indigence by rule 53(j)(2) of the rules of appellate procedure.

## APPELLANT MAY RETAIN COUNSEL OF CHOICE

■ Sampson may retain counsel of his choice. *Powell v. Alabama,* 287 U.S. 45, 53–54, 53 S.Ct. 55, 58, 77 L.Ed. 158 (1932); *Stearnes v. Clinton,* 780 S.W.2d 216, 222 (Tex.Crim.App.1989). This right may not be manipulated so as to obstruct orderly procedure in the courts and must be balanced with a trial court's need for prompt and efficient administration of justice. *See Burgess v. State,* 816 S.W.2d 424, 428 (Tex.Crim.App.1991); *Estrada v. State,* 406 S.W.2d 448, 449 (Tex.Crim.App.1966); *Childress v. State,* 794 S.W.2d 119, 121 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd). The public's interest in the fair and orderly administration of justice may be greater than a defendant's right to retain counsel of his choice. *See United States v. Kitchin,* 592 F.2d 900, 903 (5th Cir.1979).

## ATTORNEY GIVING NOTICE OF APPEAL BECOMES APPELLATE COUNSEL

■ By giving notice of appeal, an appellant's attorney becomes the attorney of record on appeal. *Roberts v. State,* 705 S.W.2d 803, 804 (Tex.App.—Dallas 1986, no pet.). If counsel does not intend to represent an appellant throughout the appellate process in the court of appeals, he should not accept the case and give notice of appeal. *Roberts,* 705 S.W.2d at 804; *Robinson v. State,* 661 S.W.2d 279, 283 (Tex. App.—Corpus Christi 1983, no pet.).

■ A written notice of appeal signed solely by a defendant is an indication that the trial counsel does not wish to pursue his client's appeal. *Ex parte Axel,* 757 S.W.2d 369, 374 (Tex.Crim.App.1988). When a pro se notice of appeal is accompanied by a contemporaneously presented motion by trial counsel to withdraw, the trial court is immediately placed on notice that appellate counsel must be appointed unless the defendant has retained other counsel. *Ward v. State,* 740 S.W.2d 794, 797–98 (Tex.Crim.App.1987).

## ATTORNEY–CLIENT RELATIONSHIP

■ An attorney-client relationship "involves not just the casual assistance of a member of the bar, but an intimate process of consultation and planning which culminates in a state of trust and confidence between the client and his attorney." *Stearnes,* 780 S.W.2d at 226 (quoting *Smith v. Superior Court of Los Angeles County,* 68 Cal.2d 547, 68 Cal.Rptr. 1, 440 P.2d 65 (1968)). Once an accused and an attorney, whether retained, appointed, or otherwise, establish an attorney-client relationship, that relationship should be protected. *See Buntion,* 827 S.W.2d at 949; *Stearnes,* 780 S.W.2d at 222; *accord Ex parte Prejean,* 625 S.W.2d 731, 733 (Tex. Crim.App.1981). With limited exceptions, a trial court may not remove an attorney, whether retained, appointed, or otherwise, over the objections of both the accused and counsel in the absence of a demonstration of actual conflict or a showing of a serious potential for conflict. *See Stearnes,* 780 S.W.2d at 222–23.

## FINDINGS AND RECOMMENDATIONS REQUIRED BY THE TRIAL COURT

A conflict exists as to whether Tatum or Teter represents Sampson. Sampson's pro se notice of appeal indicated to the trial court that Sampson wanted to pursue an appeal and that Sampson's court-appointed trial counsel did not want to handle the appeal. Accordingly, the trial court appointed John Tatum to represent Sampson. The record before us contains an order appointing Tatum to represent Sampson. One day prior to the trial court's order appointing Tatum, Teter filed a notice of appeal on Sampson's behalf. The document filed by Teter indicates that he is "Sampson's appointed counsel of choice." Sampson is not entitled to "appointed counsel of choice." *See Buntion,* 827 S.W.2d at 949. However, Sampson's affidavit attached to Teter's motion to substitute counsel does not claim Teter was appointed counsel but states that Sampson and Teter have "entered into an attorney-client agreement which provided that Ross Teter would serve as appellant's counsel on appeal."

The record before us contains no "attorney-client agreement" between Teter and Sampson. The record does not disclose the status of, or authority for, Teter's representation of Sampson. That matter is between Teter and Sampson. *See Gray,* 744 S.W.2d at 607.

Our concern is that our ruling, granting or denying, Teter's motion to substitute in as Sampson's counsel of record does not interfere with an existing, established attorney-client relationship between either Teter and Sampson or Tatum and Sampson. Despite Sampson's pro se notice of appeal, the trial court is not authorized to appoint Tatum over Sampson's and Teter's objections *if* Teter and Sampson have established an attorney-client relationship. *See Buntion,* 827 S.W.2d at 949; *Stearnes,* 780 S.W.2d at 222. Likewise, the trial court may not remove Tatum over Tatum's and Sampson's objections *if* Tatum and Sampson have established an attorney-client relationship. *See Buntion,* 827 S.W.2d at 494; *Stearnes,* 780 S.W.2d at 222. This Court, like the trial court, has no authority to interfere with an existing attorney-client relationship.

To resolve the factual conflicts in the record before us and to enable us to rule on Teter's motion to substitute counsel, we order the trial court, after notice to the parties, to conduct a hearing and to make the following findings and recommendations.

Findings:

1. whether appellant desires to continue prosecution of the appeals;

2. whether an attorney-client relationship exists between Teter and appellant;

3. whether an attorney-client relationship exists between appellant and appointed counsel;

4. whether appellant wants Teter to represent him in these appeals;

5. if appellant wants Teter to represent him, the trial court shall:

a) determine whether Teter's representation of appellant will obstruct orderly procedure in the courts; and, if so, how?

b) determine whether appellant understands that representation by Teter terminates the attorney-client relationship, if any, between appointed counsel and appellant;

6. whether appellant wants court-appointed counsel to continue representing him.

7. if appellant wants court-appointed counsel to continue representing him, the trial court shall determine:

a) whether appellant understands that representation by appointed counsel terminates the attorney-client relationship, if any, between Teter and appellant.

Recommendations:

1. whether Teter should or should not be permitted to substitute in as appellant's appellate counsel;

2. whether court-appointed counsel should or should not continue representing appellant on appeal.

The trial court shall transmit a record of the proceedings including written findings and recommendations as outlined above, to this Court by December 14, 1992.

Nothing in this opinion should be construed as requiring Teter to be appointed as counsel for Sampson and thus subject to payment from State funds. Should Sampson choose to keep Teter as his attorney of record, Teter's compensation by Sampson, if any, is a private matter between them.