**Eric Omar HERCULES, Appellant,**

v.

**The Honorable William HARMON, Appellee.**

No. B14–93–00722–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 14, 1993.

Jose Rojo, Oscar Favela, Houston, for appellant.

Before MURPHY, SEARS and DRAUGHN, JJ.

**OPINION**

DRAUGHN, Justice.

Eric Omar Hercules, relator, seeks a writ of mandamus directing respondent, the Honorable William Harmon, Judge of the 178th District Court, Harris County, Texas, to continue the appointment of relator's trial attorney so he could represent relator on appeal. Relator asserts that respondent's order denying his written motion to appoint his trial attorney to handle his appeal wrongfully severed their attorney-client relationship. If mandamus relief is granted, relator's trial counsel would be able to continue to represent him on appeal. We conditionally grant mandamus relief.

A brief summary of the facts is necessary to the resolution of relator's claim. At the probable cause hearing, relator appeared in person without counsel. Relator then filed a pauper's affidavit, and respondent appointed Diane Spjut as relator's trial counsel on January 15, 1993. Relator was indicted for murder on February 12, 1993. On February 18, 1993, respondent granted relator's Motion to Substitute Counsel, wherein Jose Rojo was substituted as relator's counsel of record. At trial, the jury convicted relator of murder and sentenced him to life imprisonment in the Institutional Division of the Texas Department of Corrections plus a fine of $10,-000. Thereafter, relator filed a motion for a new trial, superseded by an amended motion for new trial, which respondent denied on June 25, 1993. A written notice of appeal signed by relator and his trial counsel, Jose Rojo, was filed on July 28, 1993. On July 29, 1993, relator filed his Motion to Find Defendant An Indigent And to Appoint the Trial Attorney to Handle the Appeal, which respondent denied without specifying any reason.

■ To establish an entitlement to mandamus relief, a relator must satisfy two requirements: (1) there must be no adequate remedy at law to redress his alleged harm; and (2) the relator must have a clear right to the relief sought. *Buntion v. Harmon,* 827 S.W.2d 945, 947 (Tex.Crim.App.1992); *State ex rel. Sutton v. Bage,* 822 S.W.2d 55, 57

(Tex.Crim.App.1992); *Stearnes v. Clinton*, 780 S.W.2d 216 (Tex.Crim.App.1989).

We must first determine if relator has an adequate remedy at law to address respondent's actions. Relator contends that respondent had no authority to sever his attorney-client relationship over the objection of both relator and his trial counsel. He asserts that he has no adequate remedy at law, other than a writ of mandamus, to compel respondent to vacate his order denying relator's right to continued appellate representation by his trial counsel. Relator argues further that severance of his attorney-client relationship will violate his due process and constitutional rights to continue with his preferred counsel on appeal. We agree. The remedy of appeal is inadequate to redress the trial judge's arbitrary decision to ignore the relator's request and remove trial counsel at the conclusion of trial. The use of the appellate process would be too burdensome and would most likely result in a new trial requiring a new trip through the system by relator. The Court of Criminal Appeals spoke to this issue and found that mandamus relief is proper to determine the matter without further delay. *See Buntion*, 827 S.W.2d at 948.

Now, we must decide if relator has a clear right to the relief sought. Generally, a defendant has no right to appointed counsel of his choice. Again the Court of Criminal Appeals has decided this issue in *Buntion*. *Id.* at 942; *See also Sampson v. State*, 854 S.W.2d 659 (Tex.App.—Dallas 1992, no writ). Once an accused and an attorney, whether retained or appointed, establish an attorney-client relationship, that relationship should be protected by law. *See Buntion*, 827 S.W.2d at 949; *Stearnes*, 780 S.W.2d at 222. With limited exceptions, a trial court may not remove such an attorney, over the objections of both the accused and counsel, in the absence of a showing of actual or potential conflict. *See Stearnes*, 780 S.W.2d at 222–23. Furthermore, the record must reveal some principled reason to justify a trial judge's sua sponte replacement of trial counsel. *See Buntion*, 827 S.W.2d at 949.

In the present case, respondent articulated no reason for denying relator's request, over the objection of relator and his trial counsel, and appointing a different counsel on appeal. We also note that there is no evidence in the record that respondent believed that relator's trial counsel would be unable to adequately represent him on appeal or that there was any possible conflict of interest. As mandated by *Buntion*, we find that relator has a clear right to the relief sought and has no adequate remedy by appeal. Therefore, he is entitled to mandamus relief.

Accordingly, we conditionally grant the petition for writ of mandamus. We direct Judge William Harmon to vacate his order denying relator's motion to appoint his trial attorney to handle his appeal and to appoint relator's trial counsel as his appellate counsel. We are confident respondent will comply, and mandamus will issue only should he fail to do so.