**Opinion issued January 23, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00905-CR

———————————

**GALVIN DIXON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 176th District Court**
**Harris County, Texas**
**Trial Court Case No. 1331100**

---

## MEMORANDUM OPINION

A jury convicted appellant, Galvin Dixon, of the second-degree felony offense of aggravated assault, and, after appellant pleaded "true" to the allegations in two enhancement paragraphs, the jury assessed punishment at fifty years'

confinement.[1] In his sole issue on appeal, appellant contends that the trial court erroneously refused to allow his retained counsel to withdraw from representation prior to trial.

We affirm.

## Background

On December 21, 2011, Cody Bederman allegedly cut appellant off on the feeder road of Highway 59 in southwest Houston. In retaliation, as appellant and Bederman approached the entrance ramp to the freeway, appellant pulled his vehicle in front of Bederman's, stopped his car, jumped out of his car, and yelled at Bederman, who remained in her car. Bederman testified that, as he walked toward her car, appellant had a gun in his hand. Bederman called 9-1-1 and reported appellant's conduct. Houston Police Department officers arrested appellant later that evening, and the State originally charged him with aggravated assault by information on December 22, 2011.

The trial court appointed counsel to represent appellant on December 27, 2011, but on January 25, 2012, appellant filed, and the trial court granted, a motion to substitute retained counsel for appointed counsel.

On April 25, 2012, appellant appeared with his retained counsel at a hearing and informed the trial court that he wished to set his case for trial. During this

---

[1] *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (Vernon 2011).

2

hearing, the State informed the court of the probable cause, and the trial court admonished appellant on the range of punishment and the potential effect of his prior convictions. The State also informed the trial court of its most recent plea bargain offer and that appellant's "only counteroffer was innocence." During this hearing, the following exchange occurred between appellant and the trial court:

| | |
|---|---|
| [Appellant]: | I may be firing this counsel defending me, so if I do sign with this trial today, would I—would I still be able to use another attorney? |
| The Court: | Sir, you can hire any lawyer that you wish to hire, but that lawyer will have to be ready for trial on the date that I give you today. |
| [Appellant]: | Yes ma'am. |
| The Court: | So if you're going to change counsel, I would just advise you that you do it quickly so that that lawyer has enough time to prepare for your trial. |
| [Appellant]: | Yes, ma'am. |
| The Court: | It's always hard on a lawyer when they get hired and come in here and find out they're set for trial the next day. |
| [Appellant]: | Yes, ma'am. |
| The Court: | This is a serious felony offense and you're looking at a boat load of punishment range, so any lawyer you get is going to want to have an opportunity to prepare. You need to, whatever lawyer you hire, if you do, you need to make sure that lawyer understands that the case is set for trial and that you've been told that all plea bargaining—which you're not interested in anyway. |
| [Appellant]: | I'm not signing for nothing. |

3

The trial court then emphasized the importance of appellant's cooperating with his counsel, and appellant responded that retained counsel "still ain't doing his job. He ain't done nothing since he's been on the case." The court asked appellant what he wanted retained counsel to do that had not been done, and appellant responded, "I done came with evidence, picture, photos, the law men walking across my car showing him my car haven't been in no wreck. I done sending photos, everything, all that, [retained counsel is] saying that the DA [is] saying none of that matters. That does matter with this case." The trial court suggested that this could be a strategy decision on retained counsel's part, and appellant responded, "[W]e [are] not on the same page." The trial court then stated, "That will be between you and whoever you hire. I can't really get into that. Those are his calls, not mine." The trial court also discussed two motions that appellant had filed pro se and informed appellant that it would not rule on these motions while he was represented by counsel.

At the hearing, the trial court set the case for trial on September 14, 2012, almost five months later, and asked retained counsel, "assuming you're still the attorney," if that date was acceptable for him. Retained counsel responded that it was. The court also set the pretrial conference for August 15, 2012, approximately one month before trial.

4

On May 7, 2012, appellant filed a pro se motion to dismiss his retained counsel and to appoint new counsel. In this motion, appellant alleged that retained counsel had failed to provide reasonably effective assistance in that counsel had had no contact with appellant despite appellant's requests to discuss his defense and trial strategy. The next day, appellant mailed a letter to the trial court that stated:

> I have sought help (to defend myself against charges brought against me) from Attorney At Law Johnell Williams. Although I have shown him photos that clearly would exonerate me of these charges he continues to not act on my behalf. I also have made him aware of other facts and information that could expedite this case from your Court Docket long before the scheduled Trial Date. Still, Mr. Williams has gone more than 3 months without communicating with me and could continue doing so up until my August Trial Date.
>
> Valuable evidence in my favor is or has already been tainted or has eroded due to so much time lapsing without proper, timely investigation being applied to my defense. Since I am receiving NO response or visits from Attorney Williams I have filed a Motion to have Mr. Williams DISMISSED from my case and am requesting Your Honor to [p]lease appoint me an attorney immediately at your convenience.
>
> FURTHER, being that I have no scheduled appearances in Your Court prior to August's Trial Date I am PRAYING that Your Honor would [p]lease RULE on this motion soon in order that I will have adequate time to inform the appointed attorney of your choosing on the available evidence that may bring this cause to an immediate close months before the scheduled trial.

The trial court did not rule on appellant's pro se motion to dismiss.

The trial court held a pretrial conference on August 16, 2012. That day, retained counsel filed a motion to withdraw, stating only that appellant had "failed

to comply with the terms of the employment agreement." Retained counsel did not elaborate further on this point or offer any relevant evidence at the hearing. The trial court noted that appellant had filed two pro se motions to dismiss retained counsel and stated, "As I believe we discussed before, you hired Mr. Williams. He is your attorney of record, and will continue to be so." The following exchange occurred:

| | |
|---|---|
| The Court: | Motion to withdraw as counsel, as I believe we discussed off the record, this is not timely. The case is set for a jury trial within less than a month. So you're on the hook for trial, Mr. Williams. |
| [Defense counsel]: | I believe it was stated at the last hearing, [Y]our Honor, that he was going to get new counsel. |
| The Court: | Well, but have you gotten new counsel, Mr. Dixon? I mean, nobody showed up today to do this pre-trial conference, so I'm taking that to mean that there is no other lawyer. |
| [Appellant]: | I can't afford one. |
| The Court: | We talked last time, you wanted to hire a lawyer and I told you you could hire whoever you wanted to. But like I said, you hired Mr. Williams. He's your attorney of record. He's going to try the case. |

Later, appellant and the trial court further discussed appellant's dissatisfaction with retained counsel:

| | |
|---|---|
| The Court: | Well, I would suggest to you that you cooperate with the lawyer that you have, because you got less than a month to prepare for trial. So he's going to be it. So if you're not communicating with him or whatever— |

6

| | |
|---|---|
| [Appellant]: | I mean, I done wrote him, I done had my wife called and everything. Just like four months ago when the last time I been in court, I haven't heard anything from him, you know what I'm saying, until yesterday. I don't know what else I can be able to do. That's why I didn't want him up on my case. |
| The Court: | Well, that's who you hired. |
| [Appellant]: | I understand. |
| The Court: | Okay. Mr. Williams, you are ordered to be here at 9:00 on your trial date, which is September 14, 2012. Be ready to go to trial. |

The trial court denied retained counsel's motion to withdraw.

Retained counsel represented appellant at trial. The jury found appellant guilty of the offense of aggravated assault and, after appellant pleaded true to the allegations in two enhancement paragraphs, assessed punishment at fifty years' confinement. This appeal followed.

**Pre-trial Withdrawal of Attorney**

In his sole issue, appellant contends that the trial court erroneously denied retained counsel's pretrial motion to withdraw from representation.

Both the federal and Texas constitutions guarantee that a defendant in a criminal proceeding has the right to have assistance of counsel. *Gonzalez v. State*, 117 S.W.3d 831, 836 (Tex. Crim. App. 2003); *see* U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; *see also* TEX. CODE CRIM. PROC. ANN. art. 1.05 (Vernon 2005) (granting accused right to be heard by counsel in all criminal prosecutions). This

7

right encompasses the defendant's right to obtain assistance from counsel of the defendant's choosing. *See Gonzalez*, 117 S.W.3d at 836–37; *see also Powell v. Alabama*, 287 U.S. 45, 53, 53 S. Ct. 55, 58 (1932) ("It is hardly necessary to say that the right to counsel being conceded, a defendant should be afforded a fair opportunity to secure counsel of his own choice."); *Ex parte Prejean*, 625 S.W.2d 731, 733 (Tex. Crim. App. 1981) (stating that right to assistance of counsel, "of course, includes freedom of choice in the selection of counsel by the accused").

However, the defendant's choice of counsel is neither unqualified nor absolute, and although there is a strong presumption in favor of the defendant's right to retain counsel of choice, "this presumption may be overridden by other important considerations relating to the integrity of the judicial process and the fair and orderly administration of justice." *Gonzalez*, 117 S.W.3d at 837; *see also Wheat v. United States*, 486 U.S. 153, 159, 108 S. Ct. 1692, 1697 (1988) ("[T]he essential aim of the [Sixth] Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers."). Thus, the defendant's right to counsel of choice must be balanced with the trial court's need for prompt and efficient administration of justice. *Ex parte Windham*, 634 S.W.2d 718, 720 (Tex. Crim. App. 1982).

The trial court has the discretion to determine whether counsel should be allowed to withdraw from a case. *King v. State*, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000); *Johnson v. State*, 352 S.W.3d 224, 227 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) ("We review a trial court's decision on an attorney's motion to withdraw for an abuse of discretion."). If a trial court unreasonably or arbitrarily interferes with the defendant's right to choose counsel, its actions rise to the level of a constitutional violation. *Gonzalez*, 117 S.W.3d at 837. As long as the trial court's ruling falls within the "zone of reasonable disagreement," the trial court does not abuse its discretion and we will uphold the ruling. *Johnson*, 352 S.W.3d at 227 (citing *Santellan v. State*, 939 S.W.2d 155, 169 (Tex. Crim. App. 1997)); *see also Rosales v. State*, 841 S.W.2d 368, 375 (Tex. Crim. App. 1992) ("[U]nder an abuse of discretion standard it is not our role to reweigh the factors [relevant to whether the trial court should have granted a motion for continuance], but to determine whether the trial court could reasonably have balanced [the factors] and concluded that the fair and efficient administration of justice weighed more heavily than appellant's right to counsel of his choice."). In determining whether the trial court abused its discretion, we may only consider the information presented to the trial court at the time of its decision. *Johnson*, 352 S.W.3d at 227–28.

Generally, "personality conflicts and disagreements concerning trial strategy are typically not valid grounds for withdrawal." *King*, 29 S.W.3d at 566 (citing *Solis v. State*, 792 S.W.2d 95, 100 (Tex. Crim. App. 1990)). The trial court has no duty to search for counsel agreeable to the defendant. *Id.* The defendant bears the burden of making the trial court aware of his dissatisfaction with counsel, stating the grounds for his dissatisfaction, and offering evidence in support of his complaint. *Maes v. State*, 275 S.W.3d 68, 71 (Tex. App.—San Antonio 2008, no pet.) (citing *Hill v. State*, 686 S.W.2d 184, 187 (Tex. Crim. App. 1985)); *see also Butler v. State*, 300 S.W.3d 474, 485 (Tex. App.—Texarkana 2009, pet. ref'd) (holding that defendant bears burden of "proving he is entitled to new counsel").

Here, appellant first expressed his dissatisfaction with retained counsel at a hearing on April 25, 2012, at which he also requested that the trial court set a trial date. After the trial court admonished appellant concerning the punishment range and the potential effect of his prior convictions and heard probable cause, appellant informed the trial court that he "may be firing this counsel defending me" and asked whether he would be able to use another attorney if the court set a trial date. Beyond stating that retained counsel "still ain't doing his job" and "ain't done nothing since he's been on the case" and that he had provided pictures to retained counsel that he thought were relevant to his case but that counsel did not, appellant did not provide any evidence relating to his disagreement with retained counsel.

10

The trial court informed appellant that he could hire any lawyer he wished, but whoever he hired would need to be ready for trial on the date the trial court set. The court suggested that, if appellant wished to hire a new attorney, he needed to do so quickly so the attorney could adequately prepare for trial. After consulting with retained counsel regarding his availability for trial, the trial court set appellant's trial date for September 14, 2012, almost five months later, with a pretrial conference to be held approximately one month before that date.

The trial court held a second pretrial conference on August 16, 2012, approximately four months after the first pretrial hearing and one month before the scheduled trial date. Retained counsel moved to withdraw on that date, stating only that appellant had "failed to comply with the terms of the employment agreement." Counsel did not support this motion with affidavits or any other evidence, nor did the motion detail the terms of the employment agreement or provide evidence showing that appellant deliberately disregarded the employment agreement. *See Riley v. State*, 676 S.W.2d 178, 180 (Tex. App.—Dallas 1984, no pet.) (stating, in context of retained appellate attorney desiring to withdraw on appeal due to appellant's failure to pay fee, "Counsel may be allowed to withdraw upon proof that the client deliberately disregarded a fee arrangement, but not upon a showing that the client was merely delinquent in satisfying his obligations to counsel"); *see also Robinson v. State*, 661 S.W.2d 279, 283 (Tex. App.—Corpus

11

Christi 1983, no pet.) ("Retained counsel, even one who has not been fully compensated for past services, cannot wait until a critical state of the proceedings is reached and attempt to withdraw from the case."). Furthermore, counsel moved to withdraw one month before the scheduled trial date. The trial court could have reasonably concluded that any counsel appointed to replace retained counsel would not have sufficient time to prepare for trial. *See Green v. State*, 840 S.W.2d 394, 408–09 (Tex. Crim. App. 1992) (considering fact that counsel filed motion to withdraw just over one month before trial in holding that trial court did not abuse its discretion in denying motion), *overruled on other grounds by Trevino v. State*, 991 S.W.2d 849 (Tex. Crim. App. 1999).

The following exchange between appellant and the trial court also occurred at this hearing:

| The Court: | Motion to withdraw as counsel, as I believe I discussed off the record, this is not timely. The case is set for a jury trial within less than a month. So you're on the hook for trial, Mr. Williams. |
| --- | --- |
| [Defense counsel]: | I believe it was stated at the last hearing, [Y]our Honor, that he was going to get new counsel. |
| The Court: | Well, but have you gotten new counsel, Mr. Dixon? I mean, nobody showed up today to do this pre-trial conference, so I'm taking that to mean that there is no other lawyer. |
| [Appellant]: | I can't afford one. |
| The Court: | We talked last time, you wanted to hire a lawyer and I told you you could hire whoever you wanted |

> to. But like I said, you hired Mr. Williams. He's
> your attorney of record. He's going to try the case.

Appellant later stated that retained counsel had not been communicating with him, which was "why [he] didn't want [counsel] up on [his] case." The trial court denied retained counsel's motion to withdraw.

Appellant first expressed his dissatisfaction with retained counsel nearly five months before trial, a complaint he reiterated at a pretrial hearing one month before trial. However, appellant never presented any evidence, other than his unsworn statements at the two pretrial hearings, relevant to the disagreements he was allegedly having with counsel. *See King*, 29 S.W.3d at 566 (holding that disagreement concerning trial strategy is generally not valid ground for withdrawal of attorney from representation). Likewise, retained counsel never presented any evidence to substantiate his allegation in his motion to withdraw that appellant had "failed to comply with the terms of the employment agreement." The burden is on appellant, as the party seeking withdrawal of counsel, to offer evidence in support of his complaint concerning his counsel. *See Butler*, 300 S.W.3d at 485; *Maes*, 275 S.W.3d at 71.

Furthermore, the trial court informed appellant at the April 25, 2012 hearing, nearly five months before the scheduled trial date, that he could hire any counsel he wished to represent him, but it also informed him that the trial date was now set and would not be moved, and, thus, if appellant wished to hire new counsel, he

13

needed to do so expeditiously in order for the new counsel to be prepared for trial. At the second pretrial hearing, four months after the first pretrial hearing and one month before the trial date, the trial court noted that, despite its earlier admonishment, appellant had not secured new counsel. Only retained counsel was present at the hearing to represent appellant, and appellant gave no indication that he had spoken with substitute counsel, that he had hired or attempted to hire substitute counsel, or that substitute counsel would be ready to proceed to trial by the scheduled trial date. Appellant did not identify specific counsel that he wished to represent him in retained counsel's stead.

We conclude that, under the facts of this case, the trial court reasonably could have determined that the interest in fair and efficient administration of justice outweighed appellant's right to counsel of his choice. *See Gonzalez*, 117 S.W.3d at 837; *Rosales*, 841 S.W.2d at 375. We hold that the trial court did not abuse its discretion in denying retained counsel's motion to withdraw.

We overrule appellant's sole issue.[2]

---

[2]  We note that, aside from stating that the trial court's denial of retained counsel's motion to withdraw "ultimately served to deny Appellant his constitutionally guaranteed right to effective assistance of counsel," appellant makes no argument and cites no record evidence or authority that retained counsel's actions violated the standard for effective assistance of counsel as set out in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984), and its progeny.

14

## Conclusion

We affirm the judgment of the trial court.

Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Higley, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).