# PD-1600&1601&1602-14

**WILLIE E. HARDEMAN**

**No. 1891985**

---

May 7, 2015 A.D.

Abel Acosta, Clerk
Court of Criminal Appeals
P.O. Box 12308, Capirol Station
Austin, Texas 78711

FILED IN
COURT OF CRIMINAL APPEALS

MAY 13 2015

Abel Acosta, Clerk

Re:     COA No. 09-13-00468-CR
        Tr. Ct. No. 10-10380     PD-1601-14

Dear Honorable Clerk:

Enclosed  please find for filing among the papers in said above causes, Appellant's  "Brief  Letter  of Intent." After receipt of this said document, please date stamp a copy and return to me for my file.

Thank you.

Sincerely,

Willie E Hardeman
Willie E. Hardeman, #1891985
Jester III Unit
3 Jester Road
Richmond, Texas 77406

WEH/cm
C:    forwarded

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 13 2015

Abel Acosta, Clerk

WILLIE E. HARDEMAN

No. 1891985

May 7, 2015

Thomas J. Burbank
SBOT No. _____
Attorney At Law
2 Acadiana Ct.
Beaumonr, Texas 77706-3012

Sheigh Summerlin
Sbot No. 24051501
Attorney at Law
3800 Park Lane
Port Arthur, Texas 77642

Rodney D. Conerly
SBOT No. _____
Assistant District Attorney
Jefferson County Courthouse
1001 Pearl Street, 3rd Floor
Beaumont, Texas 77701

Terrence Leon Homes
SBOT No. _____
ATTORNey at Law
455 Milam Street
Beaumont, Texas 77701

Perry Thomas
SBOT No. 19849120
Assistant District Attorney
1001 Peearl, 3rd Floor
Beaumont, Texas 77701

Thomas Maness
SBOT No. _____
Distict Attorney
Courthouse
1001 Pearl St.,3rd Floor
Beaumont, Texas 77701

AND
HONORABLE Layne Walker, Judge
252nd District Court
Jefferson County, Texas
Courthouse
1001 Pearl Street
Beaumont, Texas 77701

Appellant's Brief Letter of Intent

Cause Numbers: From Appeal: 09-1300467-Cr
09-13-00468-CR
09-13-00469-CR

From Trial: 10-10378
10-10380
10-10382

Dear Honorable Judge(s) and Attorneys:

To The Listed above attorneys, all involved in the above Cause Numbers and styled. I would like to direct your attention to some issues, which may have been overlooked, or disregaarded. First, I will make this short as possible, considering your time and convention.

Mainly, directed to; trial attorney and appeal attorneys, directing your attenton to: Whe a defeedant is convicted he is entitled to the reasonable effective assistance of counsel on direct appeal as of Right, as demonstrated in Evitts v. Lucey,469 U.S. 387, 402-403, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985), where counsel was appointed or retained Robert v. State, 705 S.W.2d 803, 805 (Tex. Crim. App. 1986). If I, Appellant can demonstrate the denial of this Right of his Right I am entitled to relief in the form of an out-of-time appeal Ex parte Axel, 757 S.W.2d 369, 374 (Tex. Crim. App. 1988).

I, Appellant bring this to your attention that; The Supreme Court has stressed that an appellate counsel must master the trial records, thoroughly research the law, and exercise judgment in identifying the arguments that may be advanced on appel. McCoy v. Court of Appeals, Dist. 1, 486 U.S 429, 438, 108 S. Ct. 1895, loo L. Ed. 2d. 440 (1988).

Now, in upmost respect, I Appellant, Willie Hardeman, trying to bring this letter to a close, but first, let me say; when appellate counsel has failed to properly follow the Rules of Appellate Procedure in prosecuting an appeal, resulting in the summary rejection of the Appellant's contentions, and Appellant is entitled relief. Ex parte Diezman, 790 S.W.2d 305, 306-307 (Tex. Crim. App. 1990). The failure to raise a valid legal claim that necessarily would have resulted in a revesal apparently also constitutes in ineffective assistance by appellate counsel, see Ex parte Dangle, 848 S.W. 2d 691, 692 (Tex. Crim. App. 1993).

This one arguable issue I, Appellant want to point out, and that is double jeopardy. The most serious offense for which I, Appellant was convicted, out of convictions for burglary predicated on aggravated Kidnapping and Aggravated Kidnapping, was Aggravated Kidnapping, and thus the Appellate Court would have vacated my sentence for burglary with intent to commit Aggravated Kidnapping. The often charged as a first degree felony, while burglary, depending on circumstances, could be charged either as a State jail felony, second degree felony, or first degree felony.

Appellant is demonstrating – has shown that there were arguable Issue. My convictions under burglary count charging that I, Appellant entered the habitation with intent to commit Aggavated Kidnapping or that I entered habitation and then attempted to commit Aggravated Kidnapping in conjunction with convictions in the same prosecution for Aggravated Kidnapping, violated double jeopardy principles; There were no evidence that, at that time we/I entered the house, I intented to commit any crime (other than score drug), especifically Aggravated Kidnapping, and thus elements of Aggravated Kidnapping were subsumed within elements of burglary. See Gallegos v. State, 340 S.W.2d 797 (App. 4 Dist. 2011).

I really do believed that I can claim the issue and win, with other issues, but hopeful we can come to a compromise; due to no attempt to argue that appeal had any basis in law or fact, nor advanced any argument, good faith of otherwise, for the extension, modification, or reversal of existing law.. Issues: 1. No Evidence; 2. Double jeopardy;3. No attorney for appeal; and ineligible for probation; just to name a few.

Respectfully submitted

Willie E. Hardeman
Willie E. Hardeman, #1891985

WEH/cm
cc:    file
C:     forwarded