64,101-07

NO. 9322F

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 2 5 2015

Abel Acosta, Clerk

EX PARTE                        §      IN THE COURT OF

                                §      CRIMINAL APPEALS

RODGY LEE NESBY                  §      AUSTIN, TEXAS

APPLICANT'S OBJECTION AND GENERAL TRAVERSE

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES RODGY LEE NESBY,** Applicant (hereinafter Nesby) by and through pro se and files this his formal objection and a formal denial of factual allegations made in the State's answer. In support thereof would show the **Honorable Court of Criminal Appeals** as follows:

I.

OBJECTION

**Nesby** makes a general objection to the State's answer.

II.

HISTORY OF THE CASE

**Nesby** has never received an evidentiary hearing or the opportunity to fully develop the record.

III.

ARGUMENT

1.   First and foremost the Constitution of the United States of America guarantees the privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public safety may require it.   **Art.I, Sec 9 U.S.C.,** see, Id.,

RECEIVED IN
COURT OF CRIMINAL APPEALS

Abel Acosta, Clerk

1

**Nesby** filed his first application for Writ of Habeas Corpus February 8, 2006 which was denied without written order on March 1, 2006.

Dismissal of successive or potentially abusive habeas claims is not automatic, if petitioner can show cause for failure to raise or fully develop claims, and prejudice arising therefrom, district court may consider merits of such claims. **Washington v. Delo,** 51 F3d 756(8th Cir. 1995).

**Heffernan v. Norris,** 48 F3d 331(8th Cir. 1995) Habeas petitioner may excuse procedural bar and abuse of writ by showing cause and prejudice, or actual innocence.

**Nesby's** rights to competent and effective assistance of counsel, and to due process of the law as guaranteed by the **5th, 6th,** and **14th Amendments to the United States Constitution, Article I, Section 10, 12, and 19 of the Texas Constitution** are alleged to be violated in each of his applications.

**Nesby** had a constitutional right to competent and effective assistance of counsel at trial and on appeal, where as in Teaxas, the appeal is a matter of right, under State law. **Evitts v. Lucey,** 372 U.S. 387, 393(1985); **Douglas v. California,** 372 U.S. 353, 356(1963); **Goodwin v. Johnson,** 132 F.3d 162, 170(5th Cir. 1997); **U.S.C. A 6,14.** Regardless of whether counsel is retained. **Robert v. State,** 705 S.W. 2d 803, 805(Tex. Crim. App.1986); **Prudhomme v. State,** 28 S.W.3d 114(Tex.App.-Texardana 2000); **Article I, Section 10, 19 of the Texas Constitution.**

2

The appropriate vehicle for seeding an out-of-time appeal is by writ of habeas corpus from the Court of Criminal Appeals, pursuant to **Texas Code of Criminal Procedures**, Ann, art. 1107 (Vernon Supp. 2002); **Portley v. State**, 89 S.W.3d 188,189(Tex. App.-Texaskana. 2002); **Ashorn v. State**, 77 S.W.3d 403,409(Tex. App.-Houston [1st Dist.] 2002 pet. filed); **Rivera v. State**, 940 S.W.2d 148,149(Tex.App.-San Antonio 1996, No pet.); **George v. State**, 883 S.W.2d 250,251 n.3(Tex.App.-El Paso 1994,no pet.); see also, **Olivo v. State**, 918 S.W.2d 519,525 n.8(Tex.Crim.App. 1996)(denied of a meaningful appeal due to ineffective assistance of counsel is a proper ground for habeas corpus relief.).

2. **APPLICATION OF LAW TO FACTS:**

**Nesby's** habeas court judge failed to order the Warden of the William P. Clements Unit of the Texas Department of Criminal Justice to produce **Nesby** in his court. **Ya v. Maugans**, 24 F3d 500(3rd Cir. 1994) Warden of prison or facility where detainee is held is considered "custodian" for purposes of habeas corpus action, as warden has day-to-day control over prisoner and produce actual body.

**Nesby's** Habeas Court Judge failed to order and evidentiary hearing to expand the record for his claims of ineffective assistance of counsel.

**Chapter II of the Texas Code of Criminal Procedures** provides the procedures for Habeas Corpus.

3

The writ of habeas corpus is the remedy to be used when any person is restrained in his liberty. It is an "order" issued by a court or judge of competent jurisdiction, directed to any one having a person in his custody, or under his restraint, commanding him to produce such person, at a time and place named in the writ, and show why he is held in custody or under restraint.

**Art 11.01 T.C.C.C.,**see,Id.

Further

An application for writ of habeas corpus filed after conviction in a felony case, other than a case in which the death penalty is imposed, must be filed with the clerk of the court in which the conviction being challenged was obtained, and the clerk shall assign the application to the court. When the application is received by that court, a writ of habeas corpus, returnable to the Court of Criminal Appeals, shall issue by operation of law.

**Art 11.07, sec.3(b),**see,Id.

**Nesby** urges that there are controverted, previously unresolved facts which are material to the legality of his confinement, and because his trial counsel or his appellant counsel where not required to respond to his allegations of ineffectiveness he was prejudiced, and the failure of the court to issue the proper orders he has filed subsequent applications.

**Nesby** further urges that pro se litigants pleading are to be construed liberally and held to less stringent standard than formal pleadings drafted by lawyers; if court can reasonably read pleadings to state valid claim which litigant could prevail,

4

it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construct-ion, or litigant's unfamiliarity with pleading requirements. **Simmons v. Abruzzo,** 49 F3d 83(2nd Cir.1995); **Feiran v. Town of Nassau,** 11 F3d 21(2nd Cir. 1993); **Boag v. MacDougall,** 454 U.S. 364, 70 LEd2d 551,102 S Ct 700(1982; **Haines v. Kerner,** 404 U.S. 519, 30 LEd2d 652,92 S Ct 594(1972).

**Nesby** has been denied his due process right to effective assistance of counsel at trial and on appeal, in violation of his **14th Amendment** due process right under the **federal constituti** -ion and **Article I, Section 10,19 of the Texas Constitution**... therefore, **Nesby** is entitled seek a Writ of Habeas Corpus. **Nesby** should be returned to the point in time at which he can obtain a meaning review, with a fully developed record. **Cf. Ex parte Coy,**909 S.W. at 928; **Cf Olivo v. State,** 918 S.W. 519.

**Nesby** urges that these specific facts as detailed herein support his claims..**Ex parte Rains,** 555 S.W.2d 478(Tex.Crim. App.1976); **Ex parte Hogan,** 556 S.W. 2d 352(Tex.Crim.App.1977).

**Nesby** renews his request for an evidentiary hearing and expansion of the record. **Ex parte Hargett,** 819 S.W.2d 866,868 (Tex.Crim.App.1991); **Ex parte Empey,** 25 757 S.W.2d at 777.

## CONCLUSION

**WHEREFORE Nesby** prays that cause and prejudice is shown herein and that writ of Habeas Corpus issue.

5

Respectfully Submitted

_Rodgy Lee Nesby_
Rodgy Lee Nesby
Clements Unit-TDC#1159956
9601 Spur 591
Amarillo, Tx. 79107-9606

## DECLARATION

I **Rodgy Lee Nesby** being presently incarcerated in the Bill Clements Unit of TDC, declare under penalty of perjury that the foregoing is true and correct.

_Rodgy Lee Nesby_

## CERTIFICATE OF SERVICE

I certify and verify that a copy of the foregoing has been served by placing the same in first class U.S. mail addressed to the following?

CC: ( Honorable Ms. Casie Walker Barnet County District Clerk .)
cc: Gary W. Banyard Assistant District Attorney P.c. Box 725 Llano Tx 78643
( cc: Honorable Abel Acosta , Austin Texas.)

May 26 2015
Date

_Rodgy Lee Nesby_
Signature

6.